BOEHRINGER v. HIRSCH et al.

(Supreme Court, Appellate Term. February 23, 1904.)

1. APPEAL—DISMISSAL OF COMPLAINT—RESERVATION OF QUESTION IN LOWER COURT.
Though a printed case contains no certificate that it embraces all the evidence, and no exception to the dismissal of the complaint, or request by plaintiff to go to the jury, yet, where plaintiff immediately moved for a new trial on the minutes, and duly excepted to the denial thereof, and then entered a formal order of denial, from which he appealed, as well as from the judgment, the propriety of the dismissal of the complaint may be reviewed.

2. ACTION TO RECOVER MONEY LOANED—ISSUE OF FACT—DISMISSAL OF COMPLAINT.
Plaintiff sued to recover money loaned to defendant and her husband jointly. Defendant alone answered, interposing a general denial. The real issue was whether the loan was made to defendant and her husband jointly, or to the husband alone. Plaintiff made out a prima facie case. The defendant then testified that she was not a party to the transaction, though she admitted that she indorsed a note given by her husband in furtherance of the loan. Held, that the evidence raised a disputed question of fact, rendering the dismissal of the complaint erroneous.

Appeal from City Court of New York, Trial Term.

Action by Henry Boehringer against Minnie Hirsch and another. From a judgment in favor of defendants, entered on a dismissal of plaintiff's complaint at the trial, and also from an order denying a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Norman W. Kerngood, for appellant.
Hymes, Woytisek & Schapp, for respondents.

FREEDMAN, P. J.   Although the printed case contains no certificate that it contains all the evidence, and no request by the plaintiff to go to the jury, and no exception to the dismissal of the complaint, yet, as the plaintiff immediately moved for a new trial upon the minutes, and duly excepted to the denial of such motion, and then entered a formal order of denial, and appealed from such order, as well as from the judgment, relief may be granted to him, if it appears that the dismissal of the complaint was improper.   Upon an examination of the record, it sufficiently appears that such dismissal was erroneous.   The action was brought to recover $500 loaned to the defendant and her husband jointly, and upon their promise to repay the same.   The defendant Minnie Hirsch alone answered the complaint, by interposing a general denial.   The real issue litigated at the trial was whether the loan had been made to husband and wife jointly, or to the husband alone. The plaintiff made out a prima facie case against both, and, at the close of his case, defendant's motion to dismiss the complaint was denied, and properly so.   The defendant Minnie Hirsch then took the stand in her own behalf, and substantially denied that she was a party to the transaction, but admitted that she indorsed a note given by her husband to the plaintiff in furtherance of the loan.   This raised a disputed question of fact, which the court had no right to determine as matter of law, and consequently the dismissal of the complaint, which was upon the merits, constituted reversible error.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.